**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30240 |
| Plaintiff - Appellee, | D.C. No. 3:01-CR-00131-JKS-1 |
| v. | |
| ANNIE B. SHINAULT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Senior District Judge, Presiding

Submitted July 28, 2010[**]
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Annie B. Shinault admitted violations of the conditions of her supervised

release. She appeals her 24-month sentence imposed consecutive to her state

sentence, arguing that the sentence was unreasonable because the district court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to consider all of the relevant sentencing factors under 18 U.S.C. § 3553(a). She also argues that the district court committed plain error by failing to require written affidavits and full briefing regarding the impact of a federal detainer on her rehabilitative options. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

The district court did not commit any significant procedural error. When the record makes clear that the sentencing judge considered the evidence and arguments, and that this or similar reasoning underlies the judge's conclusion, the judge need not explicitly state the he had heard and considered the evidence and argument. Rita v. United States, 551 U.S. 338, 359 (2007). "The district court need not tick off each of the 18 U.S.C. § 3553(a) factors to show that it has considered them." United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The record indicates the district court considered all relevant sentencing factors, including Shinault's age, history and characteristics, and need for rehabilitation.

Furthermore, the sentence was substantively reasonable. The district court imposed the maximum sentence as provided by 18 U.S.C. § 3583(e). The record indicates Shinault has an extensive criminal history and poses a great danger to the community. Despite Shinault's advanced age at the time of release from her state

sentence, the district court was entitled to conclude Shinault is likely to continue her violent behavior. That conclusion was not clearly erroneous. The district court properly weighed the appropriate factors against Shinault's demonstrated lack of success in rehabilitative programs.

The district court did not commit plain error by failing to require written affidavits regarding the impact of a federal detainer on Shinault's rehabilitative options. Only notice of the revocation hearing, the alleged violation, and right to counsel, as well as an opportunity to be heard and to question any witnesses, are required. Fed. R. Crim. P. 32.1(b)(1)(B). The district court complied with this requirement, and Shinault concedes that she received notice of the alleged violation and the supporting statutory provision. There is no authority to sustain Shinault's contention that, under the federal rules or the Fourteenth Amendment of the United States Constitution, the district court should have required written affidavits regarding the government's legal arguments.

In addition, the absence of written affidavits on the impact of a federal detainer on Shinault's options for rehabilitation did not affect Shinault's substantial rights since the district court concluded that any rehabilitation would be ineffective nonetheless.

**AFFIRMED.**